**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

PABLO GUTIERREZ, on behalf of himself and all others similarly situated,

Plaintiff,

- v -

HOTEL SUNBORN LLC and RAJENDRA PATEL,

Defendants.

Civil Action No.: 25-4001

**COMPLAINT**

*Jury Trial Demanded*

Plaintiff Pablo Gutierrez ("Gutierrez"), on his own behalf and on behalf of all others similarly situated, by and through his undersigned attorneys, brings this Complaint against Defendants Hotel Sunborn LLC ("Hotel Sunborn") and Rajendra Patel ("Patel"), and alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for failure to pay legally required overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, and New York Labor Law ("NYLL") § 650 *et seq*., and its implementing regulation, 12 N.Y.C.R.R. § 146-1.4, failure to provide a wage notice at the time of hiring in violation of NYLL ("NYLL") § 195(1), and failure to furnish wage statements in violation of NYLL ("NYLL") § 195(3).

## JURISDICTION AND VENUE

2. The Court has original jurisdiction over Gutierrez's federal claims pursuant to 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Gutierrez's state and city law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form part of the same case or controversy.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred there.

**PARTIES**

5. Plaintiff Gutierrez is a resident of the State of New York and a former Housekeeper of Hotel Sunborn.

6. At all relevant times, Gutierrez was an "employee" of Defendants under all relevant statutes.

7. Hotel Sunborn is a limited liability company registered in New York and permitted to do business in New York.

8. Hotel Sunborn employed at least two employees throughout Gutierrez's employment.

9. Hotel Sunborn conducted business at 100 New Jersey Ave, Brooklyn, NY 11207, where it employed Gutierrez.

10. Upon information and belief, Defendant Patel was at all relevant times Hotel Sunborn's owner.

11. Patel had the ability to affect the terms and conditions of Gutierrez's employment and did so by, among other things, assigning his work, overseeing his work, evaluating his performance and providing feedback, and terminating his employment.

12. Patel exercised significant operational control over Hotel Sunborn's business and was directly involved in supervising employee work schedules and conditions of employment.

13. Upon information and belief, Defendant Patel is, and was at all relevant times, one of the ten members of Defendant Hotel Sunborn LLC with the largest percentage ownership interest, and is therefore personally liable for all debts, wages, or salaries due and owing to its

employees pursuant to New York Limited Liability Company Law § 609(c).

14. Upon information and belief, Patel resides in New York.

15. At all relevant times, Defendants were Gutierrez's "employer" under all relevant statutes.

**FACTUAL BACKGROUND**

16. In or about May 2018, Hotel Sunborn offered Gutierrez the position of Housekeeper.

17. Gutierrez worked from Hotel Sunborn's 100 New Jersey Ave, Brooklyn, NY 11207 and 1705 Linden Blvd, Brooklyn, NY 11212 locations.

18. Defendants did not provide Gutierrez with a wage notice at the time of his hiring as required by NYLL § 195(1).

19. From May 2018 to April 2020, Gutierrez's schedule consisted of six shifts per week, from 8:00 PM to 6:00 AM, with a one-hour unpaid break, amounting to 54 hours per week.

20. Between July 2020 and January 2021, Gutierrez's schedule consisted of six shifts per week, from 7:00 PM to 5:00 AM, with a one-hour unpaid break, amounting to 54 hours per week.

21. Beginning in January 2021 until May 2023, Gutierrez was assigned to the day-shift, working six ten-hour shifts per week, with a one-hour unpaid break, amounting to 54 hours per week.

22. Between May 2023 and January 2025, Gutierrez's schedule consisted of six shifts per week, from 9:00 AM to 6:00 PM, with a one-hour unpaid break, amounting to 48 hours per week.

23. Gutierrez was paid $16 per hour for all hours worked, even for hours worked in excess of forty hours per week.

24. Upon information and belief, Defendants did not always pay any of its employees the required overtime rate for the hours they worked in excess of forty per week.

25. Defendants paid Gutierrez in cash.

26. Defendants did not provide Gutierrez with wage statements as required by NYLL § 195(3).

27. Upon information and belief, Defendants subjected other employees to this practice of unlawfully failing to provide them with wage notices at the time of hiring and wage statements.

28. On or about April 20, 2025, Defendants terminated Gutierrez's employment.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

29. Plaintiff brings the First Cause of Action below as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b) on behalf of all non-exempt housekeepers and related staff employed by Defendants on or after the date that is three years before the filing of the Complaint in this action through the date of final judgment (the "FLSA Collective Plaintiffs").

30. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to the policy and practice of Defendants of willfully failing and refusing to pay them legally required overtime pay, and concealing these underpayments by paying wages in cash without providing accurate wage statements.

31. Defendants' engaged in deliberate, systematic actions to conceal their unlawful pay practices, including: (a) paying Plaintiff and other employees their wages entirely in cash to

avoid creating a verifiable payroll record; (b) failing to provide Plaintiff and other employees with accurate wage statements in violation of NYLL § 195(3), which would have documented their hours worked and rates of pay; and (c) failing to provide Plaintiff and other employees with the legally required wage notice at the time of hire in violation of NYLL § 195(1), which would have informed them of their right to overtime compensation.

32. The First Cause of Action is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b).

33. The FLSA Collective Plaintiffs are readily ascertainable.

34. The names and addresses of the FLSA Collective Plaintiffs are readily available from Defendants.

35. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK LABOR LAW

36. Plaintiff brings the Second, Third, and Fourth Causes of Action below pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all non-exempt employees who were employed by Defendants on or after the date that is six years before the filing of the Complaint in this action (the "Class Period").

37. All such persons are referred to herein as members of the "Class" or "Class Members."

38. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from records maintained by Defendants.

39. The hours assigned and worked, the positions held, and the rates of pay for each Class Member are also determinable from records maintained by Defendants.

40. The names and addresses of the Class Members are readily available from Defendants.

41. Notice can be provided by means permissible under Rule 23.

42. The proposed Class is so numerous that joinder of all Class Members would be impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

43. Although the precise number of such persons is unknown, and the facts on which to determine the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than 25 members of the Class.

44. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.

45. All the Class members were subject to the same corporate policy and practice of Defendants, as alleged herein, of failing to pay employees the overtime rate of pay for hours worked in excess of forty hours per week, provide wage notices at the time of hiring, and provide wage statements.

46. The company-wide policy and practice of Defendants complained about herein affected all Class Members similarly.

47. Plaintiff is able to fairly and adequately represent and protect the interests of the Class and has no interests antagonistic to the Class.

48. Plaintiffs are represented in this action by attorneys who are experienced and competent in employment litigation and have previously represented plaintiffs in wage and hour cases.

49. A class action is superior to other available methods for the fair and efficient

adjudication of the controversy—particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against their employer.

50. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

51. Because the losses, injuries, and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them.

52. On the other hand, important public interests will be served by addressing these claims as a class action.

53. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.

54. The issues in this action can be decided by means of common, class-wide proof.

55. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

56. There are questions of law and fact common to the Class that predominate over any questions affecting only individual class members. These common questions include: (a) whether Defendants had a policy or practice of failing to pay Class Members overtime at a rate of one and one-half times their regular rate of pay for hours worked over forty per week; (b) whether Defendants failed to provide Class Members with the wage notice required by NYLL §

195(1); and (c) whether Defendants' practice of paying wages in cash resulted in a failure to provide Class Members with the wage statements required by NYLL § 195(3).

**FIRST CAUSE OF ACTION**
**(FLSA Overtime Violations)**
***Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs***

57. Gutierrez, on behalf of himself and all other FLSA Collective Plaintiffs repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

58. At all relevant times, Defendants have been, and continue to be, an employer engaged in commerce within the meaning of FLSA, 29 U.S.C. § 203.

59. Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs worked more than forty hours per workweek.

60. At all relevant times, Defendants operated under a policy and practice of willfully failing and refusing to pay Plaintiff and the FLSA Collective Plaintiffs the appropriate overtime rate for hours worked in excess of forty hours per workweek.

61. At all relevant times, Defendants willfully, regularly, and repeatedly failed to pay Plaintiff and the FLSA Collective Plaintiffs at the required overtime rates for hours worked in excess of forty hours per workweek.

62. Defendants' policy of paying in cash and failing to provide wage notices or statements demonstrates that they knew or showed reckless disregard of whether their conduct was prohibited by FLSA, rendering their violations willful and subject to a three-year statute of limitations.

**SECOND CAUSE OF ACTION**
**(New York Labor Law Overtime Violations)**
***Brought by Plaintiff on Behalf of Himself and the Class Members***

63. Gutierrez, on behalf of himself and the Class Members, repeats and re-alleges

each allegation of the preceding paragraphs as if fully set forth herein.

64. Throughout the Class Period, Defendants willfully, regularly, and repeatedly failed to pay Plaintiff and the Class Members at the required overtime rate for hours worked in excess of forty hours per workweek.

**THIRD CAUSE OF ACTION**
**(New York Labor Law Wage Notice Violations – NYLL § 195(1))**
***Brought by Plaintiff on Behalf of Himself and the Class Members***

65. Gutierrez, on behalf of himself and the Class Members, repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

66. Throughout the Class Period, Defendants willfully, regularly, and repeatedly failed to provide Plaintiff and the Class Members with the written wage notice required at the time of hiring by NYLL § 195(1).

67. Specifically, Defendants failed to provide a notice containing, inter alia, their rate or rates of pay and basis thereof, their regular hourly rate, their overtime rate of pay, and the employer's legal name and physical address.

68. As a direct result of this failure, Plaintiff and Class Members were deprived of critical information regarding their pay, were unaware of their right to overtime compensation, and were hindered in their ability to recognize and seek remedy for Defendants' unlawful wage practices.

**FOURTH CAUSE OF ACTION**
**(New York Labor Law Wage Statement Violations – NYLL § 195(3))**
***Brought by Plaintiff on Behalf of Himself and the Class Members***

69. Gutierrez, on behalf of himself and the Class Members, repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

70. Throughout the Class Period, as a direct result of their policy of paying wages in

cash, Defendants willfully, regularly, and repeatedly failed to provide Plaintiff and the Class Members with an accurate statement with every payment of wages, as required by NYLL § 195(3).

71. They accordingly failed to provide Plaintiff and the Class Members, inter alia, the dates of work covered by the payment, the number of regular and overtime hours worked, the applicable regular and overtime rates of pay, gross wages, and net wages.

72. As a direct result of this failure, Plaintiff and Class Members were unable to verify the accuracy of their pay, were kept unaware of Defendants' unlawful failure to pay overtime, and were hindered in their ability to seek timely redress for the underpayments.

## RELIEF

Plaintiff Pablo Gutierrez demands judgment in his favor and against Defendants Hotel Sunborn LLC and Rajendra Patel as follows:

A. An award of damages against Defendants for all unpaid overtime wages due to Plaintiff and the FLSA Collective and Class Members under FLSA and NYLL;

B. An award of liquidated damages against Defendants equal to 100% of the amount of unpaid wages pursuant to 29 U.S.C. § 216(b) and NYLL § 198;

C. An award of statutory damages for Defendants' failure to provide wage notices in violation of NYLL § 195(1) and Defendants' failure to provide wage statements in violation of NYLL § 195(3), pursuant to NYLL § 198(1-b);

D. An award of prejudgment interest on all amounts due under NYLL;

E. An award of Gutierrez's reasonable attorneys' fees and costs to the fullest extent permitted by law; and

F. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Pablo Gutierrez demands a trial by jury on all issues so triable of right.

Dated: July 18, 2025
New York, New York

**RISSMILLER PLLC**

By: */s/ Jazly Liriano*

Jazly Liriano
Alex Rissmiller
5 Pennsylvania Plaza, 19th Floor
New York, NY 10001
T: (646) 248-7811
jliriano@rissmiller.com
arissmiller@rissmiller.com

*Attorneys for Plaintiff Pablo Gutierrez*